## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## E–Z SUPPLY CORP., Sunrise Plus Corp., Alter Egos, Respondents.

### No. 08–2077.

United States Court of Appeals, Second Circuit.

Sept. 3, 2010.

David H. Mori, National Labor Relations Board, Washington, DC, for Petitioner.

No Appearance for Respondents.

PRESENT: RALPH K. WINTER, ROGER J. MINER, and JOSÉ A. CABRANES, Circuit Judges.

## AMENDED SUMMARY ORDER

Motion by National Labor Relations Board ("NLRB") for adjudication in civil contempt of E–Z Supply Corp. and Sunrise Plus Corp., alter egos.

We consider a motion for adjudication in civil contempt brought by petitioner NLRB against E–Z Supply Corp. and Sunrise Plus. Corp., alter egos (jointly, "respondent").

On March 3, 2008, following alleged unfair labor practices, the NLRB issued an order ("the order") directed at respondent to take certain actions in accordance with the National Labor Relations Act, 29 U.S.C. § 151–159. The order required respondent to, among other things: (1) "cease and desist" from various activities meant to encourage workers to "abandon" the Union, (2) "on request, bargain" with representatives of the Industrial Workers of the World ("the Union"), and (3) compensate a group of workers through "reinstatement to their former jobs" or through making them "whole for any loss of earnings and other benefits suffered as a result

of the discrimination against them." On June 26, 2008, this Court issued a judgment to enforce the NLRB order. On June 8, 2010, the NLRB filed a motion to have us adjudge the respondents in civil contempt for having repeatedly failed or refused to comply with the order.

When respondent did not file a response to the civil contempt motion, the Clerk of Court contacted respondent's counsel. Counsel explained that he has been temporarily suspended from the practice of law and that both E–Z Supply Corp. and Sunrise Plus Corp. are no longer in business.

In these circumstances, we appoint The Hon. Brian M. Cogan, United States District Judge for the Eastern District of New York, to serve as special master to (1) examine the claims of respondent's counsel and (2) report to this Court on any steps appropriate or necessary to effectuate the order of the NLRB, or to hold respondents in civil contempt. Judge Cogan shall have full authority to review the record of this case before the NLRB and before this Court, and to hold such hearings (evidentiary and otherwise) as may be appropriate in the circumstances. We encourage Judge Cogan to report to us as soon as possible, preferably no later than sixty days from the date of the filing of this order.[1]

---

1. An earlier version of this summary order provided that a mandate issue forthwith. In fact, no mandate need issue to the United States District Court for the Eastern District of New York. Judge Cogan, as special master, will act on our behalf. During the course of his investigation we will maintain jurisdiction over this action.